Case 9:25-CV-00748-MAD-ML      August 2, 2025

# UNITED STATE DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

Hamza Muhammad real name
HAMZA MUHAMMAD
                    Plaintiff,

                                          9:25-CV-0748
         v.                               (MAD/ML)

DUSTIN SADDOCK, et al.,
                    Defendants.

APPEARANCES:

HAMZA MUHAMMAD
Plaintiff, Pro Se
18-B-2106
Green HAVEN Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000

Clerk of the United States District Court, Northern District of New York.

## AMENDED COMPLAINT

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
AUG 11 2025
AT _____ O'CLOCK
John M. Domurad, Clerk - Syracuse

Amended Complaint  9:25-CV-0788
(MAD/ML)

Plaintiff spent 6 or so years in state custody before this incident & never complained of back or shoulder pain & did not have any disfigurement upon his arrival on June 1, 2023 to the Onondaga County Justice Center.

On or about June 1, 2023 Plaintiff was returned to the custody of the Sheriff's department from state custody after receiving a reversal from the NY State Court of appeals on one count of Murder & weapons possession. (Plaintiff was a Pretrial detainee at the time of incident.)

On June 2, 2023 Plaintiff was late out of his lock & location on housing pod 2-A (Not sure what cell), for his one hour of recreation. Plaintiff got on the phone, ordered commissary, made something to eat, & worked out in the facility's work out section. Upon being told to lock in his cell & that recreation time was over, Plaintiff requested of the Sheriff's deputy who was working housing Pod 2-A can he look for a peace of paper with his pin # on it. (A pin # is what incarcerated individuals use to make phone calls). The deputy stated make it quick. So Plaintiff went in to different parts of the housing unit looking for this peace of paper then locked in to his cell without incident.

A few minutes later multiple deputy's approached Plaintiff's cell & ordered him to step inside of his cell because Plaintiff was standing at his cell door. Plaintiff stated take me out of my cell if your going to frisk me, because your not going to frisk me in my cell. Upon stating this Sheriff's deputy Dustin Saddoc walked in front of Plaintiff & his cell brandishing his can of O.C. spray & firing it in Plaintiff's face.

(It should be duly noted many "policy's", "procedures", "protocols" & "customs" of the Onondaga County Justice Center were violated in this period of time. The 1st: Before coming to Plaintiff's cell officer's did not review any camera footage to see if Plaintiff did or was involved in any wrong doing witch would brake facility rules. In the incident reports it states Plaintiff was smoking or had contraband.

The video tape show's plaintiff was working out in the only wire working out is aloud. Video tape show's plaintiff was not smoking or involved in any wrong doing. There were no officer/deputy's or anyone who seen plaintiff doing anything that violated rules or regulations. It can be seen plaintiff speaking to the deputy who was working housing 2-A asking for permission to look for the papper with his pin# before he locked in to his cell. 2nd upon the officer's approaching plaintiff's cell the deputy ordered him to step inside of his cell the procedure is to have the III step out side of his cell pat frisk him then search the cell then strip frisk him if need be to control the situation. 3rd deputy Dustin Saddoc pulled his O.C. spray & fired it not more then one minute of him approaching the cell not useing any deescalation tactics but turning a simple task in to one that spiraled in to something abnormal all 3 facts violating policy, procedure, protocol & custom.))

After firing his O.C. spray multiple deputy's rushed in to the cell to handcuff plaintiff. Cuffed him then escorted him across the housing unit until there came a blind spot in the facility. (It should also be duly noted the Onondaga county justice center use's a handheld camera to do box move's & cell extractions this is there "custom" the facility may or may not know about blind spots in there facility that is why a handheld camera is used during incidents were individuals are cuffed & exZoriated thru the facility this was not done in this case creating the perfict opportunity for wrong doing to be manifested thru the deputy's & projected on to plainti this also violated custom).

Upon rounding the deputy's station is a blind spot deputy Micheal McCarthy is on the left side of plaintiff deputy Dustin Saddock is on the left the time is inbetween 2:00 pm to 4:00 pm when with out warning or justification why plaintiff's hands are cuffed behind his back, deputy Dustin Saddock states "Now" & both deputy's place one of each legs in front of plaintiffs legs deputy Saddock jumps to his toe's to apply grater force & starts punching plaintiffs right sholder 6 to 8 times, on the opposite side of plaintiff at the same time deputy McCarthy swung approximately two (2) closed fist punches at plaintiff's left eye which connected with plaintiff's left eye. An unknown number of deputy's then jumped on to plaintiff's back until he went to the ground.

Once Plaintiff was on the ground he was placed in to multiple straps around his body & i believe a handheld camera was activated the straps around plaintiff's are made to restrain but the individual in the straps must be kept laying on the side of his body. (it should be duly noted once Plaintiff was taken to 5-B segregated housing he was stud on his feet still in straps stating to multiple deputies multiple times i can not breath deputy Dustin Saddoc stated if you can talk you can breathe this directley violating training, protocol, procedure, custom, constitution, ect).

Plaintiff was then placed in to a cell (dont recall cell number) were the straps were taken off including the only article of clothing he had on his boxers the deputy then placed the boxers back in plaintiff's cell & they were soiled with defecation.

A nurse by the name of Cindy who works for wellpath came to see Plaintiff. Plaintiff requested a second nurse the second nurse viewed Plaintiff & stated his eye was swollen. Plaintiff asked the 2nd nurse would she be willing to testife in court to plaintiff's condition she stated it would be her job to. The deputy stated this is over the nurse was escorted away at once. the 1st nurse came back to hand out medication to other I/I alongside a deputy when plaintiff stated nurse i am peeing blood the deputy then stated sucks for you & they both walked away. (It should be duly noted for medical staff to ignore plaintiff's cry for medical help is a violation of her Hippocratic duty, the nurse was not working of her own accord even if she wanted to help. the deputy was in control witch is also a violation of hippa the deputy would not allow a full exam of Plaintiff

This went on for 5 days until Plaintiff 1st court appearance in front of the Honorable Judge Armen Nazarian when Plaintiff stated for the record everything that happend to him in front of the inter court room & the courts recorded camera witch were the 1st & only people to see Plaintiff's condition aside from the people mentioned above.

Plaintiff did not see medical until the day after he went in front of the court. Speculating the court may have inquired in to Plaintiff condition in the facility. Plaintiff was given a sonogram but beforehand deputy Zuk told Plaintiff to drink lots of water

plaintiffs received an xray that showed nothing wrong the right avenue would have been an MRI. Plaintiff also seen the P.T. who stated in his 6 or 7 years of working at the onondaga county Justice center he never seen anyone receive an MRI for an injury like his & that Plaintiff would have to waite until he came home, despite the Fact Plaintiff could not lift his right arm over his head, sleep on his right side, In constant Pain & clicking & popping every time the right arm was moved. Plaintiff put in over 100 sickcall slips the majority were ignored. in march of 2024 Plaintiff awoke & could not walk his lower back would not seapart the rest of his body a Sargent by the name of Lorenzo called for an EMT. upon going to up state medical it was found thru an MRI Plaintiff had two out of Placed or crushed disc's in his back the poc recommended plaintiff to See a Specialist Plaintiff was given a few medications. Many of his request were ignored most of the time until he kept asking.

## 1. MUNICIPAL LIABILITY- ARGUMENT AGAINST ONONDAGA COUNTY AND WELLPATH (MONELL CLAIM)

Plaintiff alleges that:
1. Onondaga County and wellpath Medical Maintained customs or practices that resulted in systemic denial of Medical care to incarcerated individuals, including plaintiff, over a prolonged period.
2. Plaintiff Filed over 100 Sick-call slips throught a 12-month detention. He never recived an MRI despite being repeatedly struck in the shoulder and later diagnosed with two slipped disc's. A doctor recommended a specialist, but no appointment was scheduled.
3. Plaintiff was all so assaulted by deputies in a blind spot - Suggesting a know area free from Surveillance - and then placed in the SHU where he received no treatment For internal injuries including blood in urine) For Five days.
4. A wellpath employee and deputy dismissed his Medical complaint with the comment "sucks for you" and failed to render aid. This disregard reflects an institutional tolerance For abuse and neglect.

5. These events are not isolated, but part of a pattern of inadequate medical oversight and tolerated misconduct.
6. Both entities failed to train or supervise staff to respond to medical emergencies or prevent constitutional violations.

These facts support a plausible inference that Onondaga County and Wellpath were deliberately indifferent in maintaining policies, customs, and training failures that foreseeably led to the harm suffered by Plaintiff.

## I. DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS ARGUMENT AGAINST WELLPATH MEDICAL AND CINDY

The Eighth Amendment (or Fourteenth Amendment if Plaintiff was a pretrial detainee which he was) protects incarcerated individuals from deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994)

To state a claim, Plaintiff must show:
1. A serious medical need, and
2. The defendant was subjectively aware of the need and deliberately disregarded it.

Plaintiff meets this standard
• After being assaulted by deputies, Plaintiff reported blood in his urine and shoulder trauma to medical staff.
• Despite clear signs of internal injury, Defendant Cindy a Wellpath employee, refused to treat him and walk away, accompanied by a deputy who mocked the Plaintiff's pain.
• Plaintiff remained untreated for five days, despite visible and reported symptoms.
• Over the course of 12 months, Plaintiff filed over 100 medical request for pain and limited mobility in his shoulder and spine.
• A medical provider diagnosed slipped discs and recommended a specialist referral, which was never arranged.
• These actions – especially the initial refusal of care, delay in treatment, and failure to follow up on medical recommendations – demonstrate subjective knowledge and disregard for Plaintiff's serious condition.

- Such conduct by Cindy and wellpath constitutes deliberate indifference and violated Plaintiff's clearly established constitutional rights.

Green Haven
**CORRECTIONAL FACILITY**
P.O. BOX ███ 4000
███████, NEW YORK ████ 12582-4000
Stormville
NAME: HAMZA MUHAMMAD DIN: 1812106

Legal mail

GREEN HAVEN
CORRECTIONAL FACILITY

NEOPOST
08/04/2025
US POSTAGE $001.03⁰

FIRST-CLASS MAIL
IMI

ZIP 12582
041M11466608

Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St, Syracuse, New York 13261-7367

US DISTRICT COURT
███ MAD, CLERK

AUG 11 2025

RECEIVED

1326137367 B001